MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
JASON M. RICHARDSON (State Bar No. 250916)
jmr@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDOR IZSAK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a Delaware business entity, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 13-05362 SI<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  January 24, 2014<br>Time:  9:00 a.m.<br>Crtm.:  10, 19th Floor<br>Judge:  Hon. Susan Illston<br><br>Trial Date:    N/A |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 1

    A. Plaintiff's Fraud and Negligent Misrepresentation Claims Fail as a Matter of Law. ........................................................................................................ 1

        1. Plaintiff Fails to Plead these Claims with Particularity. ............................ 1

        2. Plaintiff Fails to Allege any False Representation. ................................... 5

        3. Plaintiff Fails to Allege Resulting Damages. ............................................ 7

    B. Plaintiff's Third Cause of Action Fails to State a Claim under California Civil Code Section 2924. ..................................................................................... 8

    C. Plaintiff's First Cause of Action Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. ........................................... 9

    D. Plaintiff's Second Cause of Action Fails to State a Claim for Promissory Estoppel. ............................................................................................................. 10

        1. Plaintiff Fails to Allege a Clear and Unambiguous Promise. ................. 10

        2. Plaintiff Fails to Allege Reasonable Reliance. ........................................ 12

        3. Plaintiff Fails to Allege Resulting Injury. ............................................... 13

    E. Plaintiff's Sixth Cause of Action Fails to State a Claim under Business and Professions Code Section 17200. ...................................................................... 14

III. CONCLUSION ..................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Agosta v. Astor*
    (2004) 120 Cal.App.4th 596 .................................................................................................... 9

*Alcoa, Inc. v. Bonneville Power Admin.*,
    698 F.3d 774 (9th Cir. 2012) .................................................................................................... 7

*Altman v. PNC Mortg.*,
    850 F.Supp.2d 1057 (E.D. Cal. 2012) ...................................................................................... 5

*Aspiras v. Wells Fargo Bank, N.A.*,
    219 Cal. App. 4th 948 (2013) ............................................................................................ 4, 13

*Berryman v. Merit Prop. Mgmt., Inc.*
    (2007) 152 Cal.App.4th 1544 ................................................................................................ 15

*Boon Rawd Trading Intern Co., Ltd.*,
    688 F.Supp.2d 940 (N.D. Cal. 2010) ................................................................................ 10, 12

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
    (1999) 20 Cal.4th 163 ............................................................................................................ 15

*Charpentier v. Los Angeles Rams Football Co.*
    (1999) 75 Cal.App.4th 301 ...................................................................................................... 3

*Ecology, Inc. v. State of California*,
    (2005) 129 Cal.App.4th 887 .................................................................................................. 12

*Guz v. Bechtel Nat'l, Inc.*
    (2000) 24 Cal.4th 317 .............................................................................................................. 9

*Harvey v. Bank of Am., N.A.*,
    906 F. Supp. 2d 982 (N.D. Cal. 2012) ..................................................................................... 2

*In re Glenfed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ................................................................................................... 1

*In re Google Inc. St. View Elec. Commc'ns Litig.*,
    794 F. Supp. 2d 1067 (N.D. Cal. 2011) ................................................................................. 15

*Joffe v. Google, Inc.*,
    729 F.3d 1262 (9th Cir. 2013) ............................................................................................... 15

*Kasky v. Nike, Inc.*
    (2002) 27 Cal.4th 939 ............................................................................................................ 15

*Kruse v. Bank of America*,
    202 Cal.App.3d 38 (1988) .......................................................................................... 12

*Lester v. J.P. Morgan Chase Bank*,
    926 F. Supp. 2d 1081 (N.D. Cal. 2013) ..................................................................... 11

*Morris v. BMW of N. Am., LLC*,
    2007 WL 3342612 (N.D. Cal. 2007) ........................................................................... 1

*Pasadena Live, LLC v. City of Pasadena*
    (2004) 114 Cal.App.4th 1089 ................................................................................ 9, 10

*Plastino v. Wells Fargo Bank*,
    873 F. Supp. 2d 1179 (N.D. Cal. 2012) ..................................................................... 10

*R & B Auto Ctr., Inc. v. Farmers Group, Inc.*
    (2006) 140 Cal.App.4th 327 ...................................................................................... 14

*Rosal v. First Federal Bank of California*,
    671 F.Supp.2d 1111 (N.D. Cal. 2009) ..................................................................... 1, 2

*Silvaco Data Sys. v. Intel Corp.*,
    184 Cal. App. 4th 210 (2010) .................................................................................... 15

*Tarmann v. State Farm Mutual Automobile Insurance Co.*
    (1991) 2 Cal.App.4th 153 ........................................................................................ 2, 3

*Texas v. U.S.*
    523 U.S. 296 (1998) .................................................................................................... 7

**STATUTES**

Business & Professions Code
    § 17204 ...................................................................................................................... 14

Civil Code
    § 2924 .......................................................................................................................... 8

## I. INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits the following reply in support of its motion to dismiss the Complaint of Plaintiff Andor Izsak ("Plaintiff"). As described below, the arguments Plaintiff offers in Opposition fail to cure his Complaint's fatal defects, or to explain how these defects could be cured through amendment. Accordingly, Wells Fargo requests that this Court grant is motion to dismiss in its entirety and without leave to amend.

## II. ARGUMENT

### A. Plaintiff's Fraud and Negligent Misrepresentation Claims Fail as a Matter of Law.

Plaintiffs' Fourth and Fifth Causes of Action attempt to state claims for fraud and negligent misrepresentation, respectively. (See Compl., ¶¶ 41-46; 47-51.) Both claims fail for three fundamental reasons: First, Plaintiff fails to allege facts to support his claims with particularity; Second, Plaintiff fails to allege reasonable reliance; and third, Plaintiff fails to allege damages resulting from his nebulous allegations, let alone with the requisite particularity. None of the arguments offered by Plaintiff in Opposition salvages these fatal and fundamental defects.

#### 1. Plaintiff Fails to Plead These Claims with Particularity.

A claimant seeking to plead a cause of action for fraud or negligent misrepresentation must allege facts to support this claim with particularity. To meet this standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc).) This particularity requirement is further heightened when the plaintiff seeks to allege his or her claims against a corporate defendant. *Id.* As this Court has emphasized, "[a] plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1127 (N.D. Cal. 2009).

Plaintiff's complaint falls well short of meeting this particularity standard.

First, Plaintiff makes no attempt to allege the date of the purported telephone call in question. As emphasized in the opening memorandum, in order to meet the particularity requirement for a claim based on misrepresentation a claimant "must plead specifically what was promised and on what date." *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 995 (N.D. Cal. 2012). Plaintiff here makes no attempt whatsoever to do so. Instead, Plaintiff's fraud and negligent misrepresentation allegations rest on a purported phone call that occurred "[a]round the end of 2011 or beginning 2012." (Compl., ¶¶ 11; 44; 50.) Such allegations fall well short of the particularity requirement.

Significantly, Plaintiff does not contest this anywhere in his Opposition. Nowhere in his Opposition does Plaintiff seek to explain how allegations of a representation that occurred "around the end of 2011 or beginning 2012" could meet the particularity requirement that he alleged the date of the representation in question. Nor does Plaintiff make any attempt to explain how such defective pleading might be cured through amendment. Such concessions confirm that Plaintiff's claims should be dismissed without leave to amend.

Second, Plaintiff fails to identify the representative that allegedly made the purported promise or promises at issue. To meet the particularity requirement the plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Rosal*, 671 F.Supp.2d at 1127. Here, Plaintiff does not contest that he is unable to do this. Instead, Plaintiff responds by arguing that "less specificity is required when it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy." (Opp. at 4: 23-25.)

Plaintiff may not avoid the particularity requirement by arguing that he does not possess information regarding a representation he claims to have received. Indeed, this very argument has been consistently rejected by California courts applying the particularity standard. In *Tarmann*, the plaintiff automobile owner attempted to plead a claim for fraud on the basis that her insurance company made false representations regarding the potential for repair to her vehicle. *Tarmann v. State Farm Mutual Automobile Insurance Co.* (1991) 2 Cal.App.4th 153, 156. Applying the

particularity requirement that "the names of the persons who made the allegedly fraudulent representations" must be alleged, the court in *Tarmann* expressly rejected plaintiff's argument that the insurance company would have better access to this information and refused to relieve her of the requirement to plead this information with particularity. *Id*. at 157-158. Upholding a demurrer, the court explained that "State Farm has no more reason to know who made the allegedly false representations to Tarmann than Tarmann." *Id*. at 158.

The same reasoning applies to Plaintiff here. In the event some unidentified representative of Wells Fargo represented to Plaintiff "to go late on his mortgage payments in order to pursue a loan modification," then, Plaintiff, as the recipient of this purported representation, would be in the best position to identify its source. Wells Fargo has no more superior knowledge of the source of the representation at issue here than State Farm did in *Tarmann* and Plaintiff has stated no facts to suggest otherwise. To the contrary, as the recipient of the alleged representation, Plaintiff is in the position to identify its author.

Indeed, those cases in which the particularity requirement has been relaxed on the basis the defendant possesses full information required to plead fraud's source are readily distinguishable. Plaintiff cites to *Charpentier* in Opposition. (See Opp. at 4:26 – 5:1.) In that case a claimant attempted to plead a fraud claim against the Los Angeles Rams football team based on a promise to renew season tickets for future years. *Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 312. The source of the representation in *Charpentier* was clear; there was a written form sent to ticket holders, which the plaintiff attached as an exhibit to the complaint. On those facts, the court of appeal found that Plaintiff had pled fraud with sufficient particularity, despite not identifying the author of the form by name. *Id*. The Rams organization was in a position to identify the author the form sent to season ticket holders and therefore the claimant did not need to identify the form's author by name.

Unlike the facts in *Charpentier*, there is nothing about the nature of Plaintiff's allegations that precludes him from identifying the purported representations with particularity. Rather, like the claims in *Tarmann*, Plaintiff is alleging he spoke to an actual representative of the defendant whom he fails to identify.

Indeed, just months ago the California Court of Appeal directly addressed and expressly rejected the same argument Plaintiff attempts to make, on remarkably similar allegations. *Aspiras v. Wells Fargo Bank, N.A.*, 219 Cal. App. 4th 948 (2013). A borrower seeking to challenge nonjudicial foreclosure sued Wells Fargo on the theory that one of its representatives whom the borrower could not identify made false representations to him over the phone. Seeking to allege fraud and negligent misrepresentation, the borrower alleged he was told that "there was no trustee's sale date scheduled for the property," and that "if Plaintiff submitted additional documents showing additional income that the modification would be re-opened." *Id.* at 955. Plaintiff alleged that "[t]he true facts were that the trustee's sale date for the Property had been scheduled to take place on March 19, 2010 and that regardless of whether or not Plaintiff submitted additional financial documents, the modification process would not be re-opened and the trustee's sale would proceed as scheduled on March 19, 2010." *Id.* The Court in *Aspiras* explained:

> Plaintiffs' misrepresentation claims are based on the single telephone conversation occurring on March 11, 2010… ***These critical allegations are deficient; they simply lack the required specifics as to the name of the person at Wells Fargo who spoke and his or her authority to speak***.

*Id.* at 958-59 (2013) (emphasis added.)

In reaching this decision, the court in *Aspiras* noted that "[l]ess specificity is required when it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy." *Id.* at 958. Yet, the court explained that "plaintiffs provide no additional information allowing us to conclude that Wells Fargo will necessarily have superior knowledge of that person's identity or authority to speak. Under these circumstances, we consider this exception inapplicable here, for [Wells Fargo] has no more reason to know who made the allegedly false representations to [plaintiffs] than [plaintiffs]." *Id. at* 959-60.

Plaintiff's allegations fail to meet the particularity standard here for precisely the same reason. Nowhere in his complaint does Plaintiff provide any facts to suggest that Wells Fargo "will necessarily have superior knowledge of that person's identity or authority to speak." To the

contrary, as the alleged recipient of the purported representations, Plaintiff is in the best position to identify their purported author. He fails to do so.

### 2. Plaintiff Fails to Allege any False Representation.

Even if Plaintiff had alleged facts to support his fraud claim with particularity (and he has not), the claim would nonetheless fail as a matter of law because Plaintiff has not alleged the falsity of any material representation set forth in the complaint, let alone with the requisite particularity to plead his claims. As noted above, a claimant seeking allege either fraud or negligent misrepresentation must set forth facts to show the false representation of an existing material facts.

> [O]ur cases have consistently required that circumstances indicating falseness be set forth.... [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." ... The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

*Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1070 (E.D. Cal. 2012).

Here, Plaintiff attempts to rest these claims on allegations that when he requested a loan modification from Wells Fargo a Wells Fargo representative told him that in order to be considered for a loan modification he would need to be behind in his payment obligations. Plaintiff's claims rest on allegations that "[t]he Wells Fargo representative advised Plaintiff to stop making his mortgage loan payments in order to be considered for a loan modification." (Compl., ¶ 11.) Plaintiff asserts that "the Wells Fargo representative was absolutely clear that he would need to be delinquent in order to be considered for a loan modification." (*Id.*, ¶ 12.) As emphasized in the opening memorandum, Plaintiff provides no allegations at all in the complaint to suggest that such a representation – if it had been made – was false. Nowhere does Plaintiff alleges any facts to suggest, let alone show that he did not need to be delinquent in his payments in order to be considered for a loan modification.

Significantly, Plaintiff does not contest this in Opposition. Nowhere in his Opposition does Plaintiff present any argument at all to suggest that the representations above were in any

way false. Nor does Plaintiff seek to explain how the falsity of such representations might be alleged through amendment.

Instead, Plaintiff seeks to shift the focus of his fraud claims, arguing at page 5 of his Opposition that "Plaintiff's fraud claims are based on the Wells Fargo representative's promises that Wells Fargo would not initiate foreclosure proceedings or report Plaintiff late to the credit agencies while he missed payments in pursuit of a loan modification." (Opp. at 5: 13-16.) This attempt to shift the focus of Plaintiff's allegations fails. Insofar as Plaintiff's complaint does contain references to communications regarding the foreclosure status or credit reporting, Plaintiff fails to allege the falsity of these representations as well.

Plaintiff's Opposition argues that Plaintiffs "fraud claims are based on the Wells Fargo representative's promises that Wells Fargo would not initiate foreclosure proceedings." (Opp. at 5: 13-15.) What Plaintiff actually alleges in his Complaint is "that Wells Fargo would not foreclosure a property while a modification was pending." (Compl., ¶ 12.) Nowhere does Plaintiff allege any overarching representations that it Wells Fargo would *never* foreclose in his property under any circumstances. Insofar as Plaintiff seeks to salvage his complain through this allegation, he fails to do so. Plaintiff does not allege the falsity of his allegations that Wells Fargo told him it "would not foreclosure a property while a modification was pending" because Plaintiff does not allege that Wells Fargo has foreclosed on the property while a modification was pending. Nowhere does Plaintiff allege that there was any modification "pending" at the time Wells Fargo served him with a Notice of Default in September of 2013. Nowhere is any modification alleged to have been offered to Plaintiff, and none is alleged to have been "pending" anywhere in the Complaint. Indeed, Plaintiff – rather conspicuously – does not allege any facts at all (let alone with particularity) regarding the outcome of his loan modification request. Accordingly, Plaintiff fails to allege the falsity of his allegation that an unnamed Wells Fargo representative told him "that Wells Fargo would not foreclosure a property while a modification was pending."

Nor can Plaintiff identify the falsity of any purported allegations that Wells Fargo "assured him that Wells Fargo does not report borrowers late to credit agencies while they are in loan modification review." (Compl., ¶12.) As noted in the opening memorandum, Plaintiff does not

allege any facts anywhere in the complaint to suggest that Wells Fargo did in fact report him late to any credit agency. Plaintiff makes no attempt to contest this anywhere in his Opposition.

For all these reasons, Plaintiff would fail to allege the falsity of the purported representations he seeks to rely.

### 3. Plaintiff Fails to Allege Resulting Damages.

Further, even if Plaintiff had alleged the purported representation's source with particularity, and also alleged its falsity (and he has not), Plaintiff would remain unable to allege any resulting damages. The only damages Plaintiff seeks to identify is the two years' worth of loan payments – which he already was contractually obligated to pay to Wells Fargo irrespective of any of the representations alleged in the complaint. Plaintiff responds in Opposition by asserting that "[a]s a result of Defendant's misconduct, Plaintiff's credit has been destroyed and Plaintiff is facing imminent loss of his home." (Opp. at 5:28 – 6:1.)

First, as noted above, Plaintiff's complaint contains no allegations whatsoever (let alone with particularity) that any negative reporting has occurred regarding Plaintiff's credit. Nor does the Complaint provide any other allegations regarding credit-related damages other than conclusory assertions like those parroted in the Opposition.

Second, insofar as Plaintiff argues that he has alleged damages with particularity because he "is facing the imminent loss of his home," such allegations fail. No such loss of property has occurred, and Plaintiff may not allege that he has suffered damages as a result of such a contingent future event. A claim may not be adjudicated "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.* 523 U.S. 296, 300 (1998). As the Ninth Circuit recently explained, claims cannot be adjudicated that are "based solely on harms stemming from events that have not yet occurred, and may never occur, because the plaintiffs raising such claims have not suffered an injury that is concrete and particularized enough to survive the standing/ripeness inquiry." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012). Further, even if Plaintiff in this case could allege damages based on future events that may not occur, Plaintiff would remain unable to alleged reasonable reliance resulting in such future damages. Plaintiff has alleged no facts to show that he could not simply pay the

amounts he claims he was previously told not to pay, and thereby avoid foreclosure by reinstating the loan. These last two years' of loan payments represent amounts Plaintiff was already contractually obligated to pay and Plaintiff provides no allegations whatsoever in his Complaint to suggest that he is unable to simply pay them now thereby avoiding foreclosure.

**B. Plaintiff's Third Cause of Action Fails to State a Claim under California Civil Code Section 2924.**

Plaintiff's Third Cause of Action attempts to state a claim for "violation of California Civil Code § 2924." (Compl., ¶¶ 35-40.) This claim fails as a matter of law for the simple -- and undisputed -- reason that Plaintiff does not allege any violation of Civil Code 2924's provisions.[1] Rather than stating facts to allege any violation of Civil Code Section 2924's provisions, Plaintiff seeks to rest his Section 2924 claim on his fraud allegations. Plaintiff notes that § 2924 requires the mortgage be in breach of the obligation securing the mortgage before the mortgagee can invoke its power of sale." (Compl., ¶ 47.) Plaintiff then argues that "[a]s Plaintiff was instructed to go late on his payments he was not in breach of the loan agreement," repeating this allegation in his Opposition brief. (*Id.*; Opp. at 6:15-16.)

As set forth in the opening memorandum, this does not state any claim or cause of action under Civil Code § 2924. Civil Code § 2924 sets forth the procedural requirements for a lender, trustee, or authorized agent following the borrower's default. Plaintiff here alleges no facts to suggest that any of these provisions have been violated. Plaintiff's allegations that he was told by someone to go into default do not change the fact that he was in default, nor do they state any facts to show that this statute's provisions were violated.

Whether plaintiff believes that his "failure to perform is excused" by virtue of his fraud allegations does not change this. Simply put, Plaintiff fails to allege any facts to show any of this code section's provisions have been violated. Even in the event Plaintiff's fraud allegations could

---

[1] California Civil Code Section 2924 sets forth requirements for lender or a servicer acting on the lender's behalf when conducting foreclosure. See generally Cal. Civil Code § 2924. These include providing the borrower with a notice of default and notice of trustee's sale before proceeding with sale. *Id.* In this case, Plaintiff does not allege a single one of this statute's provisions has been violated.

state a claim as a matter of law (and they do not), this claim would nonetheless fail.

### C. Plaintiff's First Cause of Action Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

Plaintiff's First Cause of Action attempts to state a claim for violation of the implied covenant of good faith and fair dealing. (Compl., ¶¶ 17-25.) This purported claim also attempts to re-package Plaintiff's misrepresentation allegations, this time as a cause of action sounding in contract. (See Compl., ¶¶ 9-12; 17-25.) Plaintiff's attempt to fashion a claim sounding in contract on allegations that he was promised he needed to be behind in his payments to be considered for a loan modification fails as a matter of law. The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Agosta v. Astor* (2004) 120 Cal.App.4th 596, 607; accord: *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 349-50. As the California Court of Appeal has emphasized, "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the ***express terms*** of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1094. (original emphasis).

That is exactly what Plaintiff here attempts to do. Through his allegations that he relied on representations in a phone call regarding his attempts to modify the terms of his existing agreement, Plaintiff seeks to create and enforce obligations not contemplated by his existing written loan agreement.

Plaintiff responds in Opposition by arguing that "[t]his cause of action is based on the allegation that Defendant both interfered with his ability to perform on the loan and interfered with his ability to enjoy the benefits of the loan agreement by inducing him into not making his regular monthly payments in compliance with the loan agreement." (Opp. at 7: 24-26.) Despite this attempt to re-characterize his allegations, the allegations Plaintiff seeks to enforce regarding purported promises he allegedly received in no way "interfered with his ability to perform" on his existing loan agreement. Rather, even if true, these allegations would relate only to Plaintiff's attempts to ***change*** that loan agreement. As Plaintiff's own complaint confirms, these allegations related to Wells Fargo's requirements in order to obtain a loan modification – a request by

Plaintiff that is by its very nature "not contemplated by the contract." *Pasadena Live, LLC*, 114 Cal.App.4th at 1094.

For this very reason, this Court recently confirmed that allegations like those Plaintiff attempts to allege fail to state any claim for breach of the implied covenant as a matter of law. Addressing a borrower's allegations that "she was told that the modification was under review and that she would not lose her home during the review process," this Court emphasized that "[t]he implied covenant operates to protect the express covenants or promises of [a] contract ... [it] cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012). The Court emphasized that "Defendant allegedly made to postpone foreclosure while the loan modification was pending. That might form the basis for some cause of action, but not for breach of the implied covenant in the deed of trust and mortgage." *Id* at 1192.

Plaintiff's purported allegations fail for the same reason.

### D. Plaintiff's Second Cause of Action Fails to State a Claim for Promissory Estoppel.

Plaintiff's Second Cause of Action attempts to state a claim against Wells Fargo for promissory estoppel. (Compl., ¶¶ 26-34.) As set forth in the opening memorandum, this purported claim fails as a matter of law because Plaintiff fails to allege a clear and unambiguous promise, because Plaintiff fails to allege reasonable reliance, and because Plaintiff fails to allege resulting damages. Plaintiff's arguments in Opposition fail to remedy these fatal defects.

#### 1. Plaintiff Fails to Allege a Clear and Unambiguous Promise.

In order to rely on the doctrine of promissory estoppel under California law, the claimant must identify a promise that is clear and unambiguous on its face. *Boon Rawd Trading Intern Co., Ltd.v. Paleewong Trading Co. Inc.*, 688 F.Supp.2d 940, 953 (N.D. Cal. 2010). Plaintiff's claims rest on allegations that "[t]he Wells Fargo representative advised Plaintiff to stop making his mortgage loan payments in order to be considered for a loan modification." (Compl., ¶ 11.) Plaintiff asserts that "the Wells Fargo representative was absolutely clear that he would need to be delinquent in order to be considered for a loan modification." (*Id.*, ¶ 12.)

As emphasized in the opening memorandum, this isn't a promise at all, let alone a promise that is clear and unambiguous on its face.

Plaintiff makes no attempt to dispute this in Opposition. Instead, Plaintiff argues that "Defendant misconstrues Plaintiff's allegation." (Opp. at 8: 23-24.) Here again, Plaintiff seeks to shift the focus of the purported promise from representations regarding what was required in order to be considered for a modification to promises regarding whether Wells Fargo would foreclose on his loan "pending modification," or whether it would report him as late to credit reporting agencies. (*Id.* at 8:20 – 9:3.)

Insofar as Plaintiff's complaint contains allegations as to these topics, the Complaint fails to allege any promise that is clear and unambiguous. At paragraph 12 Plaintiff alleges "that Wells Fargo would not foreclosure a property while a modification was pending." (Compl., ¶ 12.) Plaintiff makes no attempt to allege what he means by "while a modification was pending," including whether this means that a modification has merely been offered, whether it has been accepted, or whether it is in place. Further, even if Plaintiff had provided such facts – and he has not – he nonetheless fails to state any facts to show that a modification was in facts "pending" and that such a promise would have been violated. Such nebulous allegations fall well short of providing a clear and unambiguous promise. Insofar as Plaintiff means to assert that Wells Fargo had generally promised him not to foreclose because he had applied for a modification (which does not appear to be the nature of plaintiff's allegations) this Court has confirmed that such allegations would similarly fail under this standard:

> The gist of the claim is that Chase told him that it would consider him for a loan modification and would not foreclose on the Property during this time, but then he never received one even though he complied with all of Chase's requirements, and foreclosure proceedings were instituted. But Chase is right that Mr. Lester does not identify a "clear promise" made to him… Because Mr. Lester does not identify a "clear promise," his third cause of action is dismissed..

*Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1096 (N.D. Cal. 2013) Plaintiff's allegations here fail for the same reason.

Significantly, Plaintiff's Opposition makes no attempt at all to address or distinguish the

above authority, or to explain why Plaintiff's allegations in this case should be treated differently. Indeed, they should not.

### 2. Plaintiff Fails to Allege Reasonable Reliance.

Plaintiff's Second Cause of Action also fails because Plaintiff fails to allege reasonable reliance. It is well-settled that in order to state a claim for promissory estoppel, the recipient of the purported promise must allege reasonable reliance. *Boon Rawd Trading Intern Co., Ltd.*, 688 F.Supp.2d at 953; see also *Ecology, Inc. v. State of California* (2005) 129 Cal.App.4th at 901-902. "[A] party plaintiff's misguided belief or guileless action in relying on a statement on which no reasonable person would rely is not justifiable reliance." *Kruse v. Bank of America*, 202 Cal.App.3d 38, 54 (1988).

Here, insofar as Plaintiff may wish to fashion a clear and unambiguous promise out of a representation that he needed to be late in his loan payments in order to be "considered" for a loan modification, any reliance alleged in his complaint falls well below the reasonable standard. Plaintiff does not allege anywhere in his complaint what the result of his loan modification application was. In the event the loan modification request was denied, he simply could have reinstated the loan by making the payments he claims he withheld in his apparent expectation that it would be granted. In the event the loan modification request was granted, Plaintiff could have accepted the resulting offer of a modification.

Significantly, Plaintiff does allege anywhere in his complaint that he has made any attempt to reinstate the two years' loan payments he owed after receiving the Notice of Default which was issued to him and recorded to commence the present foreclosure proceedings. He makes no attempt to allege or describe any such conduct. Instead, Plaintiff notes only that he has not made any loan payments for the last two years, making no attempt to allege what the result of his loan modification request has been, and purports to conclude that such allegations amount to reasonable reliance.

Plaintiff responds in Opposition by arguing that Wells Fargo has missed the "entire essence" of his allegations, arguing that "Plaintiff's Complaint is premised on the allegation that Wells Fargo induced Plaintiff into stopping his mortgage payments by promising that Defendnat

would not foreclose on Plaintiff's property or report him late to credit agencies while he was pursuing a modification." (Opp. at 9: 6-10.) If this is indeed the "essence" of Plaintiff's allegations then there is no reason why Plaintiff could not now simply pay the amounts he alleges he was induced to withhold and reinstate the loan. Plaintiff's complaint contains no allegations whatsoever that he has attempted to do so, or that he is unable to do so. Nor, as noted above, does the complaint contain any allegations that any negative reporting was provided to any credit agency "while he was pursuing a modification." Plaintiff fails to allege reasonable reliance accordingly.

### 3. Plaintiff Fails to Allege Resulting Injury.

As noted in the opening memorandum, the third fundamental reason Plaintiff fails to state a claim for promissory estoppel is his failure to allege facts to show that he has suffered damages. Other than falling behind on payments which he does not allege he is unable to reinstate, Plaintiff has not alleged any damages of any sort in his Complaint resulting from Wells Fargo's alleged conduct. To the contrary, it is **Wells Fargo** who has not received monies owed to it from Plaintiff under the loan agreement, totaling $43,537.46 as of September 26 of this year. Far from alleging any injury, Plaintiff alleges that he had been living in the subject property rent-free since "[a]round the end of 2011 or beginning of 2012." (Compl., ¶ 11.)

Plaintiff responds to this in Opposition by arguing that "Plaintiff has suffered and continues to suffer harm including payment of excessive fees, a negative credit rating, and severe emotional distress." (Opp. at 9: 20-22.) The plain text of Plaintiff's Complaint shows otherwise. The Complaint contains no allegations at all of any fees Wells Fargo required Plaintiff to pay by virtue of the present allegations, let alone "excessive fees." Nor does the Complaint contain any allegation whatsoever that any negative credit reporting occurred to credit agencies. Nor does Plaintiff's Complaint appear to contain any factual allegations to support the purported "emotional distress" he claims to have suffered as a result of living in the subject property rent-free for two years. Simply put, Plaintiff does not allege damages. Nothing in his Opposition brief changes this.

**E.     Plaintiff's Sixth Cause of Action Fails to State a Claim under Business and Professions Code Section 17200.**

Plaintiff's Sixth Cause of Action attempts to state a claim under California Business and Professions Code Section 17200, relying on the substantive allegations contained in his other claims to support this purported cause of action. (Compl., ¶¶ 52-60.) This purported claim fails both because Plaintiff fails to allege lost money or property, and because Plaintiff's Section 17200 claim rests on substantive allegations that fail as a matter of law

First, a private party may bring an action under section 17200 et seq only if they have suffered injury in fact and have lost money or property as a result of unfair competition. Cal. Bus & Prof. Code § 17204; *R & B Auto Ctr., Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 360. Plaintiff's allegations fail to establish standing to sue for failure to allege such concrete injury. Plaintiff responds to this in Opposition by arguing that "Plaintiff has alleged actual damages including, but not limited to, loss of money and property including but not limited to incurred attorneys' fees and costs to save his home, a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness nervousness, anxiety, sleeplessness, sadness and depression." (Opp. at 10: 12-16.) In support of these conclusions, Plaintiff cites to paragraph 59 of his Complaint, which simply recites the same conclusions without any factual allegations or support. (See Compl., ¶ 59.)

Such conclusory arguments fail to establish the requisite standing for a host of reasons. Plaintiff has not identified any loss of money or property through his complaint's allegations.

Nor can Plaintiff plead around the standing requirement by alleging that he has "incurred attorneys' fees in bringing this lawsuit." (See Opp. at 10:12-16.) If Plaintiff could meet the standing requirements on such allegations, the requirement that a claimant must allege loss of money or property in order to bring the claim would lose its meaning entirely because any claimant would have met this requirement simply by bringing the lawsuit itself irrespective of whether they lost money or property as a result of the alleged conduct. As this Court has previously explained: "Plaintiff's contentions that merely incurring attorney fees and expenses as a result of bringing a Section 17200 claim are equally inapposite, and would effectively eviscerate

the heightened standing requirements of Proposition 64." *In re Google Inc. St. View Elec. Commc'ns Litig.*, 794 F. Supp. 2d 1067, 1086 (N.D. Cal. 2011) *aff'd sub nom. Joffe v. Google, Inc.*, 729 F.3d 1262 (9th Cir. 2013)

Nor can Plaintiff's nebulous and conclusory allegations regarding "fear, anger, helplessness, [or] nervousness" establish the requisite standing under this standard. (See Opp. at 10:12-16; Compl., ¶ 59.) As the California Court of Appeal explained in describing this standard:

> [W]hen we say someone has "lost" money we mean that he has parted, deliberately or otherwise, with some identifiable sum formerly belonging to him or subject to his control; it has passed out of his hands by some means, such as being spent or mislaid, or ceded in a gamble, bad loan, or investment. Similarly, when we say someone has "lost" property we mean that he has parted with some particular item of property he formerly owned or possessed; it has ceased to belong to him, or at least has passed beyond his control or ability to retrieve it.

*Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 244 (2010) Similarly, this Court has found that "allegations of an invasion of privacy are insufficient to invoke Proposition 64 standing." *In re Google Inc. St. View Elec. Commc'ns Litig.*, 794 F. Supp. 2d at 1086. Given this standard, Plaintiff's allegations that he suffered from "fear" or "anger" do not state the loss of money or property required to bring a section 17200 claim, pursuant to the standing requirements set forth by proposition 64.

Further, Plaintiff fails to state any legal basis for his purported section 17200 claim. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Berryman v. Merit Prop. Mgmt., Inc.* (2007) 152 Cal.App.4th 1544. Typically, 17200 claims "borrow" violations of other laws. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180; *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 950. Plaintiff's Complaint fails to identify any specific acts by Wells Fargo that would amount to violations of other laws. Accordingly, his purported section 17200 claim cannot state any cause of action based on these separate allegations and fails as a matter of law.

### III. CONCLUSION

For all of the foregoing reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that this Court grant this motion to dismiss in its entirety and without leave to amend.

DATED: December 12, 2013

SEVERSON & WERSON
A Professional Corporation

By: *[signature]*
Jason M. Richardson

Attorneys for Defendant Wells Fargo Bank, N.A.