IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDOR IZSAK,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

        Defendant.

 /

No. C 13-05362 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Currently before the Court is defendant's motion to dismiss plaintiff's complaint, which is scheduled to be heard on January 24, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the parties' arguments, the Court hereby GRANTS defendant's motion to dismiss with leave to amend. If plaintiff wishes to amend his complaint, he must do so by **February 24, 2014**.

## BACKGROUND

### I. Factual Background

In July 2003, plaintiff Andor Izsak refinanced his mortgage with defendant, Wells Fargo Bank, N.A. ("Wells Fargo"). Docket No. 8, Req. for Judicial Notice ("RJN") Ex. D.[1] The loan is secured by a deed of trust against real property located at 2 Ankeny Street, San Francisco, California 94134 ("the subject property"). Docket No. 1, Compl. ¶ 8; RJN Ex. D. Plaintiff is the sole owner of the subject property. Compl. ¶ 3.

---

[1] Along with its motion to dismiss, Wells Fargo filed a request for judicial notice. Docket No. 8, RJN. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Exhibit D, the July 29, 2003 deed of trust; Exhibit E, the October 5, 2005 deed of trust; and Exhibit F, the notice of default, attached to defendant's request because they are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Plaintiff alleges that the loan at issue is related to the October 5, 2005 deed of trust. Compl. ¶¶ 1, 8. However, the notice of default states that the deed of trust at issue is the July 29, 2003 deed of trust. RJN Ex. F at 2.

After failing to refinance his loan in June 2010, plaintiff attempted to obtain a loan modification from the defendant. Compl. ¶¶ 10-13. Plaintiff alleges that sometime between the end of 2011 and the beginning of 2012, a Wells Fargo representative informed him that "he would need to be delinquent in order to be considered for a loan modification." *Id.* ¶¶ 11, 12. In this communication, plaintiff asserts that the representative assured him that Wells Fargo would not foreclose on a property or report nonpayment to the credit bureaus while a loan modification is pending. *Id.* ¶ 12. Despite falling behind in his loan payments, plaintiff never received a loan modification. *Id.* ¶ 13. On September 27, 2013, defendant recorded a notice of default on the subject property, citing a default amount of $43,537.46, which plaintiff alleges is inflated with late fees and attorney fees. *Id.* ¶ 14; RJN Ex. F (stating the default amount "is $43,537.46 as of 09/26/2013"). As a result, plaintiff alleges his credit is "destroyed" and he is facing "imminent loss of his home." *Id.* ¶ 15.

## II.     Procedural History

On October 18, 2013, plaintiff filed a complaint in the San Francisco County Superior Court against Wells Fargo, alleging causes of action for: (1) breach of good faith and fair dealing, (2) promissory estoppel, (3) violation of California Civil Code § 2924, (4) intentional misrepresentation, (5) negligent misrepresentation, and (6) violation of California's Unfair Competition Law, codified in California Business and Professions Code §§ 17200 et seq. *Id.* ¶¶ 17-60. On November 19, 2013, defendant removed the action from state court to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Docket No. 1, Notice of Removal. By the present motion, defendant moves to dismiss all the causes of action in plaintiff's complaint. Docket No. 7, Def.'s Mot.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If the court dismisses a complaint, it must decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations marks omitted).

## DISCUSSION

## I. Intentional Misrepresentation and Negligent Misrepresentation

Plaintiff alleges causes of action against defendant for intentional misrepresentation and negligent misrepresentation. Compl. ¶¶ 41-51.  Specifically, plaintiff alleges that a Wells Fargo representative told him that Wells Fargo would not foreclose on a property or report a borrower as late to credit agencies while an application for a loan modification is pending. *Id.* ¶¶ 12, 44, 50.  Defendant moves to dismiss these allegations for failure to comply with Rule 9(b)'s heightened pleading standard.

The elements of intentional misrepresentation under California law are: (1) a false representation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997).  The elements of negligent misrepresentation are the same, except that they do not include scienter or intent to defraud. *Small v. Fritz Cos., Inc.*, 30

Cal. 4th 167, 173 (2003). Instead, the plaintiff must show that the defendant made a misrepresentation "without any reasonable ground for believing it to be true." *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 476 (2003).

For allegations of fraud, the complaint must meet the heightened pleading standard of Rule 9(b) which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *accord Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011). To satisfy Rule 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In addition to identifying the transaction, a "plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff has failed to plead his fraud allegations with sufficient particularity under Rule 9(b). He does not identify the name of the specific Wells Fargo representative he spoke to, the specific time or date of the misrepresentations, how he spoke with the representative (such as over the phone, in person, or by email), and where he spoke to the representative. Plaintiff may not rely on exceptions to these pleading requirements found in California procedural law.[2] Furthermore, plaintiff fails to allege how the

---

[2] In his opposition, plaintiff cites *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 217 (1983) and *Charpentier v. L.A. Rams Football Co.*, 75 Cal. App. 4th 301, 312 (1999) for the proposition that a plaintiff's fraud allegations require less specificity when the "defendant must necessarily possess full information concerning the facts of the controversy" and that the name of the person who made the representation could be resolved in discovery. Docket No. 16, Pl.'s Opp'n Mot. 4-5. These interpretations of California procedural law are not binding on this Court which must review plaintiff's complaint under Rule 9(b)'s pleading requirements. *See Vess*, 317 F.3d at 1103. Plaintiff cites no cases arising within the Ninth Circuit that adopt these exceptions in evaluating allegations under Rule 9(b). Moreover, even if the Court applied these exceptions, plaintiff's vague description of the representations as occurring between the "end of 2011 or beginning of 2012"

statements were false. For example, the complaint indicates that the representative's statements about defendant's foreclosure policies only applied when a loan modification review was pending. *See* Compl. ¶ 12. However, plaintiff does not allege that he did in fact apply for a loan modification or that his application was under review at the time when defendant recorded the notice of default. In addition, plaintiff does not allege that defendant ever reported him as late to a credit agency. Without these additional allegations, the complaint fails to explain how the alleged representation was false. Accordingly, the Court dismisses plaintiff's causes of action for intentional misrepresentation and negligent misrepresentation with leave to amend.

## II.     California Civil Code Section 2924

Plaintiff alleges a claim against defendant for violation of California Civil Code section 2924. Compl. ¶¶ 35-40. Plaintiff alleges that defendant violated section 2924 by initiating foreclosure proceedings even though defendant had waived plaintiff's performance and, therefore, plaintiff was not in breach of the loan agreement. *Id.* ¶ 37. Plaintiff also alleges that defendant violated section 2924(a)(1)© by recording a notice of default which contained an inaccurate amount of arrears. *Id.* ¶ 38. Defendant argues that this cause of action should be dismissed because it complied with all the procedural provisions of section 2924.

### A.     Waiver of Plaintiff's Payment Obligations

Section 2924 allows a lender to initiate nonjudicial foreclosure proceedings when the mortgagor is in default and imposes specific procedural requirements on the party seeking to foreclose. *See* Cal. Civ. Code § 2924. California Civil Code section 1511 provides a waiver for contractual performance when a creditor does some act naturally tending to induce the debtor to not perform. Cal. Civ. Code § 1511(3). However, the statute of frauds plainly precludes an oral waiver in the case of deeds of trusts

---

is insufficient for defendant to deduce which representative plaintiff could have spoken to about a loan modification. *See* Compl. ¶ 11. Therefore, the exception is inapplicable, here, because defendant is in no better a position than plaintiff to identify the circumstances surrounding the alleged statement. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991) ("[W]e consider this exception inapplicable here, for [defendant] has no more reason to know who made the allegedly false representations to [plaintiff] than [plaintiff].").

5

and any modification to a deed of trust or promissory note must be in writing. *See Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 555 (2008); *see also Pacini v. Nationstar Mortgage, LLC*, 2013 U.S. Dist. LEXIS 84215, at *20-21 (N.D. Cal. Jun. 13, 2013) (applying the statute of frauds to plaintiff's claim that defendant waived performance under the deed of trust).

Plaintiff alleges that defendant excused his performance under the contract by assuring him that it would not foreclose on his property if he was delinquent on his mortgage payments. Compl. ¶¶ 12, 37. However, plaintiff does not allege that this alleged promise was ever put in writing. Therefore, plaintiff has failed to allege that the alleged waiver satisfied the statute of frauds. *See Pacini*, 2013 U.S. Dist. LEXIS 84215, at *20-21. Moreover, plaintiff fails to adequately allege that defendant had excused plaintiff's nonpayment at the time defendant initiated foreclosure proceedings under § 2924. Even if defendant had excused the plaintiff from rendering timely payments while the loan modification was pending, plaintiff does not set forth facts that address whether plaintiff's application was ever actually pending. Therefore, plaintiff has failed to adequately allege that his performance was excused by defendant.

Plaintiff admits that he willingly decided not to make payments on his loan. Compl. ¶¶ 12-13. Because he is in default of his debt obligation and the factual allegations are insufficient to plead a valid waiver, plaintiff has failed to allege a violation of section 2924. Accordingly, the Court dismisses plaintiff's cause of action for violation of California Civil Code § 2924 based on defendant's alleged waiver with leave to amend.

### B. Section 2924(a)(1)(C)

Plaintiff alleges that defendant's notice of default violated California Civil Code section 2924(a)(1)(C). Compl. ¶ 38. Section 2924(a)(1)(C) requires that the beneficiary of the deed of trust include a statement in the notice of default that describes each breached obligation that is known to the beneficiary. Cal. Civ. Code § 2924(a)(1)(C). The notice of default states that plaintiff is in default of his obligation under the deed of trust to the amount of $43,537.46. *See* RJN Ex. F. Therefore, the notice contained the required statement. *See Aiello v. BAC Home Loan Servicing, LP*, 2012 U.S. Dist. LEXIS

6453, at *6-7 (N.D. Cal. Jan. 20, 2012). Accordingly, the Court dismisses plaintiff's cause of action for violation of California Civil Code § 2924(a)(1)© without leave to amend.

### III.     Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff asserts that defendant hindered his performance of making loan payments by instructing him that he needed to be in default to be eligible for a loan modification. Compl. ¶ 21. Defendant moves to dismiss this claim, arguing that the alleged promise did not interfere with plaintiff's ability to perform under the loan agreement.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (quoting *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958)). "To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." *Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012) (citing Judicial Counsel of California Civil Jury Instructions § 325 (2011)). The plaintiff must show that "the conduct of the defendant . . . demonstrates a failure or refusal to discharge contractual responsibilities . . . by a conscious and deliberate act." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

Plaintiff's claim fails because, admittedly, defendant did not injure plaintiff's ability to perform under the contract. Plaintiff was a party to a loan agreement which required regular periodic payments. RJN Ex. D ¶ (E). Plaintiff alleges that he on his own decided to seek a loan modification and decided to go into default even though he allegedly was "ready, willing, and able" to make the monthly payments. *Id.* ¶¶ 9-12. Further, even if defendant represented that only accounts in default would be eligible to apply for modifications, in no way did that require plaintiff to go into a default, nor is there any allegation that defendant guaranteed plaintiff an automatic loan modification if he decided to go into default.

7

Plaintiff's decision to seek better financing terms through a modification, despite his ability to pay under the current terms, was his alone. Accordingly, the Court dismisses plaintiff's allegation of breach of the implied covenant of good faith and fair dealing without leave to amend.

### IV.     Promissory Estoppel

Plaintiff alleges that he reasonably relied on a promise that defendant would not foreclose on his property while a loan modification is pending and suffered damages of excessive fees, a negative credit rating, and severe emotional distress. Compl. ¶¶ 12, 32-33. Defendant moves to dismiss this claim arguing that there was no promise, reasonable reliance, or injury.

To establish a claim for promissory estoppel, a party must plead "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).

Plaintiff alleges that the defendant induced him into stopping his mortgage payments by promising him that defendant would not foreclose on plaintiff's property or report him late to credit agencies while he was pursuing a loan modification. Compl. ¶ 29. The alleged promise was not clear and unambiguous in its terms. In particular, plaintiff fails to explain what was meant by the phrase "while he was pursuing a loan modification." Plaintiff does not state if, when, or how it was to be understood that his loan was under consideration for a loan modification. Moreover, plaintiff does not allege that defendant was actually considering a loan modification when he chose to rely on the promise or when defendant initiated foreclosure proceedings. Therefore, plaintiff has failed to adequately allege that his reliance was reasonable. Accordingly, plaintiff's cause of action for promissory estoppel is dismissed with leave to amend.

### V.     California Unfair Competition Law

Plaintiff alleges that defendant violated California's Unfair Competition Law ("UCL") by engaging in unlawful conduct. Compl. ¶¶ 52-60. Defendant moves to dismiss plaintiff's UCL claims for failing to sufficiently allege that defendant has violated the law.

8

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted). "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (2010).

In the complaint, plaintiff relies on his other causes of action to serve as the predicate unlawful conduct in support of his UCL claim. Compl. ¶¶ 54-58. However, the Court has dismissed these other causes of action. Therefore, plaintiff has failed to sufficiently allege that defendant has engaged in unlawful conduct. Accordingly, the Court dismisses plaintiff's cause of action for violation of the UCL with leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss the complaint and GRANTS plaintiff leave to amend the complaint. *See* Docket No. 7, Def.'s Mot. Specifically, the Court grants plaintiff leave to amend his claims for intentional misrepresentation, negligent misrepresentation, violation of California Civil Code section 2924, promissory estoppel, and violation of the UCL. The Court does not grant plaintiff leave to amend his claims for violation of California Civil Code section 2924(a)(1)© and breach of the covenant of good faith and fair dealing. Should plaintiff choose to file an amended complaint, it shall be consistent with the terms of this order and must be filed on or before **February 24, 2014.**

**IT IS SO ORDERED.**

Dated: January 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

9