IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDOR IZSAK,

        Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

        Defendant.
                                       /

No. C 13-05362 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Currently before the Court is a motion by defendant Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss plaintiff's first amended complaint ("FAC"). The motion is scheduled to be heard on April 18, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the parties' arguments, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss.

**BACKGROUND**

**I.    Factual Background**

In July 2003, plaintiff Andor Izsak refinanced his mortgage with Wells Fargo. Docket No. 27, Req. for Judicial Notice ("RJN") Ex. D.[1] The loan is secured by a deed of trust against real property

---

[1] Along with its motion to dismiss, Wells Fargo filed a request for judicial notice. Docket No. 27, RJN. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Exhibit D, the July 29, 2003 deed of trust, and Exhibit F, the notice of default, attached to defendant's request because these documents are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

located at 2 Ankeny Street, San Francisco, California 94134 ("the subject property"). Docket No. 23, FAC ¶ 8; RJN Ex. D. Plaintiff is the sole owner of the subject property. FAC ¶ 3.

Plaintiff attempted, unsuccessfully, to refinance his loan in June 2010. Thereafter, in or around June 2011, plaintiff telephonically contacted Wells Fargo and spoke with Todd Bell, a Wells Fargo representative. *Id.* ¶¶ 9-11. Plaintiff alleges that Bell suggested a loan modification. *Id.* ¶ 11. Bell informed plaintiff that plaintiff "would need to be delinquent in his mortgage payments in order to pursue and be considered for a loan modification." *Id.* ¶¶ 11, 12. During this communication, plaintiff alleges that Bell assured him that Wells Fargo would not foreclose on his property or report him as late to credit agencies while his loan modification application was pending. *Id.* After missing a few months of payments, plaintiff applied for a loan modification in October 2011. *Id.* ¶ 13. On October 26, 2011, as part of his application, plaintiff faxed additional requested documents to another Wells Fargo representative, Sheri Sayegh. *Id.* Plaintiff alleges that he followed up by leaving messages for both Bell and Sayegh, but he never received a response to his messages or a written determination on his loan modification application. *Id.* ¶ 14. Around July 27, 2012, plaintiff alleges that Wells Fargo assigned him to Brenda Keltner, a home preservation specialist. *Id.* ¶ 14. Plaintiff attempted to contact Keltner, but before he received a response, Wells Fargo reassigned his loan to Brandi Fowlie on August 20, 2012. *Id.* ¶ 15. Plaintiff alleges that he attempted to contact Fowlie over the next year, but Fowlie never answered or returned any of his calls. *Id.*

On September 27, 2013, Wells Fargo recorded a notice of default on the subject property, citing a default amount of $43,537.46, which plaintiff alleges is improperly inflated with late fees and attorney's fees. *Id.* ¶ 16; *see also* RJN Ex. F (stating the default amount "is $43,537.46 as of 09/26/2013"). As a result, plaintiff alleges Wells Fargo reported him as delinquent to credit agencies and he is facing "imminent loss of his home." *Id.* ¶ 17.

## II. Procedural History

On October 18, 2013, plaintiff filed a complaint in the San Francisco County Superior Court against Wells Fargo. Docket No. 1. Defendant removed the action from state court to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Docket No. 1, Notice of

Removal. On January 23, 2014, the Court dismissed plaintiff's complaint with leave to amend. Docket No. 21. On February 24, 2014, plaintiff filed his FAC alleging causes of action for: (1) promissory estoppel, (2) violation of California Civil Code § 2924, (3) intentional misrepresentation by promissory fraud, (4) negligent misrepresentation, and (5) violation of California's Unfair Competition Law, codified in California Business and Professions Code §§ 17200 et seq. By the present motion, Wells Fargo moves to dismiss all of the causes of action in plaintiff's FAC for failure to state a claim. Docket No. 26, Def.'s Mot.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

If the court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations marks omitted).

3

**DISCUSSION**

**I. Intentional Misrepresentation and Negligent Misrepresentation**

Plaintiff alleges causes of action against defendant for intentional misrepresentation and negligent misrepresentation. FAC ¶¶ 33-43. Specifically, plaintiff alleges that Wells Fargo representative Todd Bell promised him that Wells Fargo would not foreclose on a property or report a borrower as late to credit agencies while reviewing a loan modification application. *Id.* ¶¶ 36, 42. Defendant moves to dismiss these allegations for failure to comply with Rule 9(b)'s heightened pleading standard.

The elements of intentional misrepresentation under California law are: (1) a false representation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud except that "negligent misrepresentation does not require scienter or intent to defraud." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003). Rather, to plead negligent misrepresentation, it is sufficient to allege that the defendant lacked reasonable grounds to believe the representation was true. *See id.*; *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 85 (2004). In addition, "[t]o be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. '[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud.'" *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).

For allegations of fraud, the complaint must meet the heightened pleading standard of Rule 9(b) which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *accord Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011). To satisfy Rule 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In addition to identifying the transaction, a "plaintiff must set forth what

4

is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superceded by statute on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A Rule 9(b) pleading must ensure that "'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *cf. Odom v. Microsoft Corp.*, 486 F.3d 541, 555 (9th Cir. 2007) (holding that plaintiffs met Rule 9(b) when the court was "given no reason to believe that defendants will be hampered in their defense").

Plaintiff's allegations have sufficient particularity to meet the requirements of Rule 9(b). Plaintiff identifies the "who," Wells Fargo representative Todd Bell; the "when," around June 2011; the "where," over the phone; and the "what" and "how," the specific representations that were made to him by Bell and an explanation of how they were false. FAC ¶¶ 11-13, 37, 42.

Wells Fargo argues that plaintiff did not meet Rule 9(b)'s "when" requirement because he failed to plead the exact date Bell made the alleged misrepresentations. Def.'s Mot. at 4-6. Nonetheless, the Court finds that plaintiff has pled fraud with sufficient specificity under Rule 9(b) to give Wells Fargo notice of the particular misconduct alleged. Pleading the exact date of plaintiff's conversation with Bell would not assist Wells Fargo in identifying the conversation at issue nor reduce the burdens of a necessary records search. Given that Wells Fargo primarily needs to identify instances in which Bell worked on plaintiff's account, Wells Fargo should be able to identify the particular alleged misconduct with the time frame provided by plaintiff.

Wells Fargo also argues that plaintiff has failed to allege how Bell's statements were false. Def.'s Mot at 6. In the FAC, plaintiff identifies two alleged misrepresentations made by Bell to plaintiff: (1) that Wells Fargo would not initiate foreclosure proceedings while a loan modification application is under consideration; and (2) that Wells Fargo would not report a borrower as late to credit agencies while

///

5

a loan modification application is under consideration.[2] FAC ¶¶ 12, 36, 42. Plaintiff has alleged sufficient facts showing "how" these two representations are false. For these representations to be false, plaintiff's loan modification application must have been under review when Wells Fargo initiated foreclosure proceedings and reported plaintiff as late to credit agencies. In the FAC, plaintiff alleges that his application was pending because he sent Wells Fargo a loan modification application and faxed related documents in response to a request from Wells Fargo on October 26, 2011. FAC ¶ 13. Plaintiff noted his efforts to get a status update on the application but alleges Wells Fargo never gave him a final determination.[3] *Id.* ¶¶ 14-15. These facts, taken as true, support a reasonable inference that his application was under consideration and that Wells Fargo never ended its consideration of his application. *See id.* ¶¶ 13, 16. Plaintiff has thus alleged falsity because he alleges that Wells Fargo began to foreclose on his home and reported his unpaid payments to the credit agencies while his loan modification was under consideration, contrary to the alleged representations.[4] *See id.* ¶¶ 16-17.

Finally, Wells Fargo also argues that plaintiff has not adequately alleged damages because the amount in default is owed to Wells Fargo under the terms of the contract. Def.'s Mot. at 8. Even assuming this is true, plaintiff has alleged that he has been charged with unwarranted late fees and attorney's fees and that his credit has been damaged. *See* FAC ¶¶ 16-17. These allegations of damages are independent of plaintiff's obligation to meet his mortgage payments. Accordingly, the Court denies defendant's motion to dismiss plaintiff's claims for intentional misrepresentation and negligent misrepresentation.

---

[2] In its motion to dismiss, Wells Fargo argues that plaintiff has failed to properly allege the falsity of Bell's statement that in order to be considered for a loan modification, plaintiff would need to be behind in his payment obligations. Def.'s Mot. at 6-7. This argument misinterprets plaintiff's claims. In the FAC, plaintiff does allege that Bell advised him that he would need to be delinquent in his mortgage payments to be considered for a loan modification. FAC ¶¶ 11-12. But, the specific representations that plaintiff alleges are actionable are Bell's statement that Wells Fargo would not foreclose on his property or report him as late to credit agencies while his loan modification application was under review. *See id.* ¶¶ 36, 42; *see also* Pl.'s Opp. at 6.

[3] Wells Fargo argues that plaintiff fails to allege any facts regarding the outcome of his loan modification application. Def.'s Mot. at 7. Defendant is incorrect. In the FAC, plaintiff alleges that he never received a final written determination on the application. FAC ¶ 14. Thus, plaintiff alleges that there has been no final outcome with respect to his application.

[4] Moreover, with respect specifically to plaintiff's claim for negligent misrepresentation, the two statements at issue are representations as to existing material facts as they are statements about Wells Fargo's policies in existence at the time the representations were made.

6

## II. Promissory Estoppel

Plaintiff alleges a cause of action against defendant for promissory estoppel. FAC ¶¶ 18-26. Plaintiff alleges that he reasonably relied on a promise that defendant would not foreclose on his property while a loan modification application is pending and suffered damages of excessive fees, a negative credit rating, and severe emotional distress. FAC ¶¶ 20-25. Defendant moves to dismiss this claim arguing that plaintiff has failed to adequately allege a clear and unambiguous promise, reasonable reliance, or injury. Def.'s Mot. at 10-13.

To establish a claim for promissory estoppel, a party must plead "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).

Plaintiff alleges that Wells Fargo representative Todd Bell promised him that Wells Fargo would not foreclose on his property or report him late to credit agencies while his loan modification application was under review. FAC ¶¶ 12, 20. This is sufficient to allege a clear and unambiguous promise by defendant.[5] Plaintiff further alleges that he relied on this representation by stopping his mortgage payments and applying for a loan modification. *Id.* ¶ 21. This is sufficient to allege reasonable and foreseeable reliance. Moreover, plaintiff alleges that he was injured by his reliance in the form of excessive fees, a negative credit rating, and severe emotional distress. *Id.* ¶ 25. Accordingly, plaintiff has adequately pled a cause of action for promissory estoppel, and, therefore, the Court denies defendant's motion to dismiss this claim.

## III. California Civil Code Section 2924

Plaintiff alleges a claim against defendant for violation of California Civil Code section 2924. FAC ¶¶ 27-42. Plaintiff alleges that defendant violated section 2924 by initiating foreclosure proceedings

---

[5] In the motion to dismiss, defendant argues that the "promise" identified by plaintiff as the source of his promissory estoppel claim is the representation that in order to be considered for a loan modification, he needed to be delinquent in his mortgage payments. Def.'s Mot. at 11. Defendant is incorrect. The FAC identifies, as the relevant promise, the statement that Wells Fargo would not foreclose on his property or report him late to credit agencies while his loan modification application was under review. FAC ¶ 20.

7

even though defendant had waived plaintiff's performance and, therefore, plaintiff was not in breach of the loan agreement. *Id.* ¶ 31.

Section 2924 allows a lender to initiate nonjudicial foreclosure proceedings when the mortgagor is in default and imposes specific procedural requirements on the party seeking to foreclose. *See* Cal. Civ. Code § 2924. California Civil Code section 1511 provides for a waiver for contractual performance when a creditor does some act naturally tending to induce the debtor to not perform. Cal. Civ. Code § 1511(3). However, the statute of frauds plainly precludes an oral waiver in the case of deeds of trusts and any modification to a deed of trust or promissory note must be in writing. *See Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 555 (2008); *see also Pacini v. Nationstar Mortg., LLC*, 2013 U.S. Dist. LEXIS 84215, at *20-21 (N.D. Cal. Jun. 13, 2013) (applying the statute of frauds to plaintiff's claim that defendant waived performance under the deed of trust).

Plaintiff alleges that Wells Fargo excused his performance under the contract by assuring him that it would not foreclose on his property if he was delinquent on his mortgage payments. FAC ¶¶ 29-31. The Court previously dismissed this claim for failure to allege that this promise was ever put in writing, thereby satisfying the statute of frauds. Docket No. 21 at 5-6. In the FAC, plaintiff again does not allege that this promise was ever put in writing. Therefore, plaintiff has failed to adequately allege that the waiver satisfied the statute of frauds. *See Pacini*, 2013 U.S. Dist. LEXIS 84215, at *20-21.

Plaintiff argues that there is no statute of frauds issue because the alleged waiver was made pursuant to a specific provision in the deed of trust. Pl.'s Opp'n at 8. In making this argument, plaintiff relies on the following provision: "Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so." Docket No. 27, RJN Ex. D. But, section 9 of the deed of trust relates to Wells Fargo's ability to protect its interest in the subject property in certain situations, not its ability to foreclose on the property. *Id.* at 7-8. Therefore, this section does not support plaintiff's contention.[6] Accordingly, the Court dismisses plaintiff's claim for violation of California Civil Code section 2924 with prejudice.

---

[6] In addition, Plaintiff's arguments also fail to note that the deed of trust states in section 12, titled "Forbearance by Lender Not a Waiver," that an "[e]xtension of the time of payment or a modification of amortization of the sums secured by this Security Instrument . . . shall not operate to release the liability of Borrower . . . ." Docket No. 27, RJN, Ex. D at 10-11.

## IV. California Unfair Competition Law

Plaintiff alleges that defendant violated California's Unfair Competition Law ("UCL") by engaging in unlawful conduct. FAC ¶¶ 44-51. Defendant moves to dismiss plaintiff's UCL claims for failing to plead an economic injury and for failing to sufficiently allege that defendant has violated the law. Def.'s Mot. at 13-14.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted). "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (2010).

For a private plaintiff to have standing to sue for violations of the UCL, the plaintiff must have suffered a "loss or deprivation of money or property," in other words an "economic injury." Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011). Damage to credit is sufficient to be a loss of money or property. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010) (citing *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006)).

Defendant argues that plaintiff lacks standing to bring a UCL claim because he failed to allege that he has suffered an economic injury. Def.'s Mot. at 14. In the FAC, Plaintiff alleges two forms of economic injury, the damage to his credit and the inflation of his past due amount with excessive fees charged by Wells Fargo.[7] *See* FAC ¶¶ 16-17, 50-51. These allegations are sufficient to satisfy the UCL's standing requirement. *See Kwikset*, 51 Cal. 4th at 323-24; *Rubio*, 613 F.3d at 1204.

Defendant also argues that plaintiff has failed to adequately allege that defendant engaged in unlawful conduct. Def.'s Mot. at 14. In the FAC, plaintiff relies on his other causes of action to serve as the predicate unlawful conduct supporting his UCL claim. FAC ¶¶ 54-58. The Court has dismissed

---

[7] Wells Fargo notes that the attorney's fees incurred in bringing a UCL claim are not losses of money or property under the UCL. Def.'s Reply 13. However, the attorney's fees referenced in the complaint are the alleged fees charged by Wells Fargo in relation to the foreclosure of the property, not plaintiff's attorney's fees for bringing the UCL claim. *See* FAC ¶ 16.

9

plaintiff's claim for violation of California Civil Code § 2924. Therefore, this claim may not serve as the basis for plaintiff's UCL claim. But, the Court has not dismissed plaintiff's claims for intentional misrepresentation, negligent misrepresentation, and promissory estoppel. These common law causes of action may serve as the predicate unlawful conduct for plaintiff's UCL claim. *See Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012) ("[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for a . . . [section] 17200 'unlawful' violation." (internal quotation marks omitted)); *see also Zhang v. Superior Court*, 57 Cal. 4th 364, 380 (2013) ("[Bad faith insurance practices] are unlawful; the insurer's obligation to act fairly and in good faith to meet its contractual responsibilities is imposed by the common law, as well as by statute."). Accordingly, the Court denies defendant's motion to dismiss plaintiff's cause of action for violation of the UCL to the extent the claim is based on plaintiff's claims for intentional misrepresentation, negligent misrepresentation, and promissory estoppel. The Court dismisses plaintiff's UCL claim to the extent it is based on plaintiff's claim for violation of California Civil Code § 2924.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss plaintiff's FAC. Specifically, the Court DENIES defendant's motion to dismiss plaintiff's claims for intentional misrepresentation, negligent misrepresentation, promissory estoppel, and violation of UCL to the extent it is based on plaintiff's claims for intentional misrepresentation, negligent misrepresentation, and promissory estoppel. The Court DISMISSES WITH PREJUDICE plaintiff's claims for violation of California Civil Code § 2924 and violation of the UCL to the extent it is based on his claim for violation of § 2924. This order resolves Docket No. 26.

**IT IS SO ORDERED.**

Dated: April 14, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE